UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-00170-EHJ

JUDY D. ADCOCK,  Now Known
as JUDY D. FIDDLER                                                                          PLAINTIFF


VS.


JO ANNE B. BARNHART,
Commissioner of Social Security                                                        DEFENDANT


### FINDINGS OF FACT, CONCLUSIONS OF LAW
### AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN1) of Judy D. Adcock ("Plaintiff") seeking

judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g).

Both the plaintiff (DN 9) and the defendant (DN 12) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate

Judge (DN 3) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of

Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B).  By Order entered November 21, 2005

(DN 3), the parties were notified that oral arguments would not be held unless a written request

therefor was filed and granted.  No such request was filed.



### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on September 4, 2003

(Tr. 49-51).  On January 7, 2004 plaintiff filed an application for Supplemental Security Income

payments (Tr. 250-252).[1]   Plaintiff alleged that she became disabled on June 12, 2003 as a result of fibromyalgia and chronic fatigue syndrome (Tr. 49, 64, 250).  Administrative Law Judge Thomas Bryan ("ALJ") conducted a hearing on November 18, 2004 in Madisonville, Kentucky (Tr. 277). The plaintiff was present and represented by attorney Dennis Fentress.

In a decision dated April 29, 2004, the ALJ found from the medical evidence that plaintiff's fibromyalgia/chronic fatigue syndrome, irritable bowel syndrome, pain disorder and depressive disorder, are "severe" impairments (Tr. 17).  He determined these impairments do not meet or medically equal one of the impairments listed in Appendix 1 (Tr. 17).  The ALJ generally discounted the credibility of plaintiff's testimony regarding the degree of pain and limitation imposed by her impairments (Tr. 19).  He found plaintiff has the residual functional capacity to perform a range of medium work activity (Tr. 20).  Notably, the ALJ found plaintiff's mental impairments further limited her to jobs that "do not require interaction with the public and jobs which are not fast-paced/quota-based or highly stressful in nature" (Tr. 22).

The ALJ concluded plaintiff could return to her past relevant work as an administrative secretary and staff clerk (hospital/clinic) because the past work does not require the performance of job duties precluded by her physical and mental residual functional capacity (Tr. 22). Therefore, the ALJ found that plaintiff is not "disabled," as defined by the Social Security Act, at any time through the date of the decision (Tr. 22).  The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7).

---

[1]The protective filing date is December 11, 2003 (Tr. 249).

CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, ___ U.S. ___, 122 S.Ct. 1265, 1267-1268 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920.  In summary, the evaluation proceeds as follows:

1)    Is the claimant engaged in substantial gainful activity?

2)    Does  the claimant have an impairment or combination of impairments that significantly limits his or her  ability to do basic work activities?

3)    Does  the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4)    Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)    Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fourth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7).  At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" exists if a "reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993) (citing Smith v. Secretary of Health and Human Serv's., 893 F.2d 106, 108 (6th Cir. 1989))). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff challenges some of the findings the ALJ made at the fourth step in the sequential evaluation process.  At the fourth step, the ALJ made findings regarding the weight

assigned to medical source statements in the record[2], plaintiff's credibility[3], plaintiff's residual

functional capacity[4], the physical and mental demands of plaintiff's past relevant work, and

plaintiff's ability to return to the past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).   As

previously mentioned, the ALJ found plaintiff is capable of returning to her past relevant work as

an administrative secretary and staff clerk (hospital/clinic) despite the limitations imposed by her

physical and mental impairments (Tr. 22).

Plaintiff contends the ALJ's mental residual functional capacity findings overlooked

or ignored Dr. Maryman's opinion that she has a "moderate" limitation on her ability to make

judgements on simple work-related decisions (DN 9 at Pages 8-10; Tr. 20-21; 236-237).   In

conjunction with this argument, plaintiff contends at the fourth step the ALJ failed to comply with

Social Security Ruling 96-8p and 20 C.F.R. §§ 404.1545 and 416.945 which required him to make

specific findings regarding the degree of limitation to work-related capabilities such as her ability

to understand, carry out, and remember instructions; **use judgment in making work-related

decisions**; respond appropriately to supervision, co-workers, and work situations; and deal with

changes in a routine work setting (DN 9 at Pages 5-8) (emphasis added).  Plaintiff also contends the

---

[2]20 C.F.R. §§ 404.1527(d), 416.927(d).

[3]In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings.  20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p.

[4]The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.  20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946.  The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments.  20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946.

ALJ should have obtained input from a medical professional because the ALJ lacks the medical expertise to review the evidence in the record and create his own mental residual functional capacity assessment[5] (DN 9 at Pages 7-8).

Plaintiff argues the above errors are significant because a "moderate" degree of limitation on the ability to make judgments on simple work-related decisions undermines the ALJ's finding that plaintiff can perform her past relevant work which is classified as semi-skilled to highly skilled[6] (DN 9 at Pages 2, 9-12). Plaintiff contends the ALJ should have obtained a vocational opinion addressing whether she is capable of performing her past relevant work in light of that limitation (DN 9 at Pages 10-12). Additionally, plaintiff points out the ALJ found she is limited to jobs which are not fast-paced/quota-based or highly stressful in nature (DN 9 at Pages 10-12). Reasoning that higher skill level jobs are more stressful in nature and faster in pace, plaintiff asserts the ALJ should have asked a vocational expert to opine whether these limitations would effect her ability to return to her past relevant work (DN 9 at Pages 10-12).

Essentially, defendant argues the ALJ's findings are supported by substantial evidence and fully comport with applicable law (DN 12). Defendant contends absent a conflict in the medical evidence the ALJ is not required to consult with a medical expert before making a residual functional capacity assessment (DN 12 at Pages 6-7). Defendant asserts the ALJ is not required to obtain an opinion from a vocational expert before finding a claimant can perform his or her past relevant work (DN 12 at Pages 6-7).

---

[5]Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000); Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); and Lennon v. Apfel, 191 F.Supp.2d 968, 977 (W.D. Tenn. 2001).

[6]Plaintiff cites entries in the Dictionary of Occupational Titles to support her contention regarding the skill level of her past relevant work.

By way of background, the consultative psychological examiner, Dr. Maryman,

conducted a clinical interview as well as administered the Wechsler Adult Intelligence Scale-III

("WAIS-III"), the Wide Range Achievement Test-III, the REY 15-Item Test and the Becht

Depression Inventory (Tr. 230-232).  Plaintiff's scores on the WAIS-III revealed a verbal IQ of 106,

a performance IQ of 100 and a full scale IQ of 104 (Tr. 232).  Notably, Dr. Maryman commented

that plaintiff showed "excellent attention and concentration" on two of the subtests (Tr. 232).  In the

summary portion of the report, Dr. Maryman indicated plaintiff had average measured intelligence

and then commented as follows:

> "This certainly would suggest that she should have the ability to
> understand and carry out a simple to more complex instruction in task
> without particular difficulty.  During the present examination she
> showed a reasonably good ability to maintain her focus,
> concentration and persistence.  On the test taken as a sample of her
> overall behavior there was therefore the indication that she may very
> likely have a reasonably good ability to complete and carry out a
> work assignment across a routine work schedule without any
> significant mental or psychological interference.  It was believed that
> she should have a reasonably good ability to interact appropriately
> with fellow workers and supervisors.  She may be somewhat limited
> in attempting to interact and deal with the general public but she did
> not appear necessarily entirely precluded from that capacity as well.
> And it was believed that she should be able to adjust and adapt
> reasonably well to stressors and pressures associated with a medium
> to lower stress work environment.  She may be somewhat limited in
> a more fast paced and high pressure work atmosphere, but again she
> did not appear necessarily even precluded from that as well."

(Tr. 234).

Dr. Maryman also filled out a form entitled "MEDICAL SOURCE STATEMENT

OF ABILITY TO DO WORK-RELATED ACTIVITIES (MENTAL)" (Tr. 236-237).  On page one

of this functional assessment, he indicated plaintiff has a "slight" restriction on her ability to

"[u]nderstand and remember short, simple instructions" and "[c]arry out short, simple instructions" (Tr. 236).  He indicated plaintiff has a "moderate" limitation on her ability to "[u]nderstand and remember detailed instructions", "[c]arry out detailed instructions", and **"make judgments on simple work-related decisions"** (Tr. 236) (emphasis added).  On page two of the document, Dr. Maryman indicated plaintiff had a "slight" limitation on her ability to "[i]nteract appropriately with supervisors," "[i]nteract appropriately with co-workers",  and "[r]espond appropriately to changes in a routine work setting" (Tr. 237).  He indicated plaintiff has a "moderate" restriction on her ability to "[i]nteract appropriately with the public" and "[r]espond appropriately to work pressures in a usual work setting" (Tr. 237).

After summarizing what was set forth in the report prepared by Dr. Maryman, the ALJ commented as follows:

> "Dr. Maryman offered an assessment of the claimant's ability to perform work activity (mental), opining her most significant limitations (moderate) are in the areas of detailed types of instructions, interaction with the public and dealing with work pressures/stress.  However, because the claimant demonstrated excellent focus, concentration, and persistence on testing, his assessment is somewhat internally inconsistent with his personal observations and written report ..."

(Tr. 21).  Notably, the ALJ did not mention Dr. Maryman's opinion that plaintiff has a "moderate" limitation on her ability to "make judgments on simple work-related decisions" (Tr. 236).

After summarizing an opinion[7] from a treating general practitioner, Dr. Stulc, the ALJ

---

[7]On July 7, 2004, plaintiff's treating general practitioner, Dr. Stulc, filed out an attending physician's statement for Minnesota Life (Tr. 224-225).  He indicated plaintiff "is presently being treated for depression which appears to be aggravated by her chronic pain" (Tr. 225).  He also checked a box indicating plaintiff "is able to engage in only limited stress situations and engage in only limited interpersonal relations (moderate limitations)" (Tr. 225).  Dr. Stulc did feel plaintiff was competent to endorse and direct the use of proceeds from an insurance policy

observed "Dr. Maryman's opinion is fairly consistent with Dr. Stulc's opinion that the claimant's

mental impairment(s) causes some limitations, but does not preclude the performance of all work

activity" (Tr. 21).  The ALJ also summarized the opinion rendered by a non-examining State agency

psychological consultant and explained why he discounted the opinion (Tr. 21).[8]

> Next, the ALJcommented as follows:
>
> "After careful consideration to all the evidence, the Administrative
> Law Judge is generally persuaded by and accepts the opinion of Dr.
> Maryman, the consultative examination [sic].  Dr. Maryman's
> opinion and assessment are based upon the results of valid test results
> and a clinical interview ...  Dr. Maryman's opinion is generally
> consistent with the opinion of Dr. Stulc, the plaintiff's treating
> general practitioner and is not contradicted by any credible or 'other'
> evidence.  Because the claimant demonstrated excellent focus,
> concentration and persistence on testing with Dr. Maryman, there is
> no basis for finding she is as limited in that area as he indicated in his
> assessment, however."

(Tr. 21).  Notably, the ALJ did not make a finding regarding Dr. Maryman's opinion that plaintiff

has a "moderate" limitation on her ability to "make judgments on simple work-related decisions"

(Tr. 236).

The ALJ found plaintiff has a dysthymic disorder, late onset, moderate to severe,

evaluated under Listing 12.04, and a pain disorder associated with both psychological factors and

a general medical condition, evaluated under Listing 12.07 (Tr. 21).  He determined plaintiff "has

'mild' restrictions of activities of daily living; 'moderate' difficulties maintaining social functioning;

---

(Tr. 225).

[8]In January 2004, a non-examining psychological consultant opined that plaintiff did not
have a medically determinable mental impairment (Tr. 201).  The ALJ discounted this opinion
because the results of the subsequent consultative examination by Dr. Maryman showed that
plaintiff does have a mental impairment (Tr. 21).

and 'mild to possibly moderate' difficulties maintaining concentration, persistence or pace ... has

never ... had an episode of decompensation, of extended duration, and there is no evidence the 'C'

criteria of listing 12.04 is met" (Tr. 21). The ALJ concluded plaintiff's "mental impairments limits

her [to] jobs which do not require interaction with the public and jobs which are not

fast-paced/quota-based or highly stressful in nature" (Tr. 22). Again, there is no finding regarding

plaintiff's ability to make simple work-related decisions.

In relevant part, Social Security Ruling 96-8p directs that a residual functional

capacity assessment "must first identify the individual's functional limitations or restrictions and

assess his or her work-related abilities on a **function-by-function basis**, including the functions in

paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." 1996 WL 374184, *1 (July 2, 1996)

(emphasis added). Paragraph (c) of 20 C.F.R. §§ 404.1545 and 416.945 reads as follows:

> "*Mental abilities*. When we assess your mental abilities, we first
> assess the nature and extent of your mental limitations and
> restrictions and then determine your residual functional capacity for
> work activity on a regular and continuing basis. A limited ability to
> carry out certain mental activities, such as limitations in
> understanding, remembering, and carrying out instructions, and in
> responding appropriately to supervision, co-workers, and work
> pressures in a work setting, may reduce your ability to do past work
> and other work."

20 C.F.R. §§ 404.1545(c), 416.945(c). In an unpublished opinion, Delgado v. Commissioner of

Social Security, 30 Fed.Appx. 542, 547 (6th Cir. 2002), a panel of the Sixth Circuit considered the

existing case law and concluded it is appropriate to limit the "function-by-function" evaluation

requirement in Social Security Ruling 96-8p to disputed issues regarding the claimant's residual

functional capacity. Thus, a function-by-function assessment of a claimant's mental abilities should

include consideration of his or her ability to make judgments on simple work-related decisions if

the issue is in dispute.

Here, plaintiff's ability to make judgments on simple work-related decisions was at issue because of Dr. Maryman's opinion and the skill level of plaintiff's past relevant work. Yet, in making the mental residual functional capacity findings at the fourth step, the ALJ completely overlooked Dr. Maryman's opinion regarding this important work-related activity. For these reasons, the ALJ's findings do not comport with Social Security Ruling 96-8p or 20 C.F.R. §§ 404.1545(c) and 416.945(c). Furthermore, the ALJ's omission does not comport with his duties under 20 C.F.R. §§ 404.1527(d) and 416.927(d).

Notably, the ALJ did not cite any authority for his finding that plaintiff's past relevant work as an administrative secretary and staff clerk (hospital/clinic) is semi-skilled. His finding is inconsistent with information plaintiff provided from the Dictionary of Occupational Titles ("DOT") which indicates these jobs are semi-skilled to highly skilled (DN 9). Additionally, while plaintiff did provide some information about her past jobs as an administrative secretary and staff clerk, she did not provide any information about the pace or stress level of that work (Tr. 82-89, 283). Nor did the ALJ cite any authority such as the DOT or obtain an opinion from a vocational expert that supports his finding that these jobs are not fast paced and/or highly stressful in nature (Tr. 21-22). 20 C.F.R. §§ 404.1560(a)(2), 416.960(a)(2). Furthermore, a vocational expert could have offered opinion testimony in response to a hypothetical question about whether in light of her mental limitations plaintiff can meet the demands of her past relevant work, either as actually performed or generally performed in the national economy. 20 C.F.R. §§ 404.1560(a)(2), 416.960(a)(2). In sum, the ALJ's findings regarding plaintiff's ability to do her past relevant work are not supported by substantial evidence in the record and do not comport with applicable law.

11

The undersigned acknowledges that plaintiff has raised other arguments in her fact and law summary (DN 9). The undersigned concludes it is not necessary to address those arguments in light of the above findings. The undersigned recommends that the case be remanded to the Commissioner with instructions to conduct further proceedings. During those further proceedings the Commissioner should consider Dr. Maryman's opinion regarding the degree of limitation on plaintiff's ability to make judgments on simple work-related decisions as well as call upon a vocational expert to determine whether, in light of plaintiff's residual functional capacity, she is able to do her past relevant work.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that some of the Commissioner's findings at the fourth step in the sequential evaluation process are not supported by substantial evidence and do not comport with applicable law. Therefore, the undersigned recommends that the final judgment of the Commissioner be reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), the case be remanded to the Commissioner with instruction to conduct further proceedings consistent with the suggestions set forth above.

NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be mailed to all parties.  Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be filed within ten (10) days or further appeal is waived.  Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984). Counsel will please forward a copy of any objections to the undersigned Magistrate Judge at 126 United States Courthouse, 423 Frederica Street, Owensboro, Kentucky, 42301.

Copies:          Counsel